*E-filed 11/17/06*

1   Glenn E. Westreich [State Bar No. 100457]      Edward E. Hartley [State Bar No. 122892]
    gwestreich@nixonpeabody.com                    eeh@dillinghammurphy.com
2   Patrick T. Michael [State Bar No. 169745]      DILLINGHAM & MURPHY, LLP
    pmichael@nixonpeabody.com                      225 Bush Street, 6th Floor
3   Beth L. Mitchell [State Bar No. 187460]        San Francisco, California  94104-4207
    bmitchell@nixonpeabody.com                     Telephone:  (415) 397-2700
4   NIXON PEABODY LLP                              Facsimile:  (415) 397-3300
    Two Embarcadero Center, 27th Floor
5   San Francisco, CA 94111
    Telephone:  (415) 984-8200                     Attorneys for Defendant:
6   Facsimile:   (415) 984-8300                    STAR CHILDREN'S DRESS CO., INC., d/b/a
                                                   RARE EDITIONS
7   Attorneys for Plaintiff:
    BISCOTTI, INC.
8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12

13   BISCOTTI, INC.,                          Case No.  C 06-03575 JF (HRL)

14                         Plaintiff,         **STIPULATED PROTECTIVE ORDER**
                                              **REGARDING THE DISCLOSURE OF**
15          vs.                               **CONFIDENTIAL MATERIALS AMENDED**
                                              **BY COURT**
16   STAR CHILDREN'S DRESS CO.,
     INC., d/b/a RARE EDITIONS, and DOES 1-10,
17   inclusive,,

18                         Defendant.

19

20          Plaintiff BISCOTTI, INC. ("Biscotti"), and Defendant STAR CHILDREN'S DRESS CO.,

21   INC., d/b/a RARE EDITIONS ("Rare Editions") hereby stipulate pursuant to Fed. R. Civ. P. 26(c),

22   subject to the approval of the Court, to the entry of a protective order in the above-captioned action as

23   follows:

24          1.      A party or nonparty may designate as confidential, in whole or in part, any document,

25   thing, or information (collectively "material") which contains confidential information and which is to

26   be disclosed to a party in this action.  Confidential information shall not include any information that:

27   (a) is or becomes publicly available without the receiving party's breach of any obligation owed to the

28   disclosing party or nonparty, (b) is or becomes known to the receiving party from a source other than

1  the disclosing party or non-party (other than by the breach of an obligation of confidentiality owed to

2  the disclosing party or nonparty), or (c) is independently developed by the receiving party.

3      2.      Such designation of confidentiality shall be made, where practical, by marking each

4  page of a document, each separate part or component of a thing, or each separate item of other

5  information in a conspicuous manner.  If not practical to so mark the material itself, a container for or

6  a tag attached to the material shall be so marked.

7      3.      Two levels of confidentiality are provided herein, and the marking shall be chosen from

8  one of the following markings as appropriate:

9          (a)      "CONFIDENTIAL"; and/or

10         (b)      "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY".

11     As used herein, these two levels of confidentiality are collectively referred to as the

12  "CONFIDENTIALITY MARKINGS".

13     4.      A party or nonparty may designate material as CONFIDENTIAL, in whole or in part, if

14  the material constitutes or contains confidential information as limited above.  A party or nonparty

15  may designate as CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY only material which

16  constitutes or contains, in whole or in part, information which the party reasonably believes will harm

17  its competitive position if it becomes known to a party other than the producing party.

18     5.      In lieu of marking the original of a document or other material prior to inspection, the

19  producing party or nonparty or its counsel may orally designate any document or other material being

20  produced for inspection by a party or counsel for a party as being subject to one or more of the

21  CONFIDENTIALITY MARKINGS, thereby making it, and the information it contains, temporarily

22  subject to this Order.  However, each copy of such document or other material subsequently delivered

23  to the inspecting party or counsel must be marked with one or more of the CONFIDENTIALITY

24  MARKINGS as required by this Order at the time it is so delivered in order to make the document and

25  copies subject to this Order.  All documents shall be deemed temporarily subject to this Order as if

26  marked CONFIDENTIAL for ten (10) business days from such delivery, unless otherwise agreed by

27  the parties on a case by case basis, to permit the producing party or nonparty to correct any inadvertent

28  failure to so mark delivered documents.

1      6.      Access to material designated with one or more of the CONFIDENTIALITY

2  MARKINGS under this Protective Order shall be limited as follows:

3      A.     Subject to paragraph 6(C) below, and any further order of the Court, access to

4  material designated CONFIDENTIAL and to any portion of any transcript, brief, affidavit,

5  memorandum or other paper that contains or reveals material so designated, shall be limited to:

6       i.     outside counsel of record for the parties, including their partners and

7  associates who assist them in this matter;

8       ii.    in-house counsel for each of the parties;

9       iii.   the employees of such counsel of record or in-house counsel (including

10  technical advisors, patent agents, secretaries, paralegals, and clerks) actually assisting such counsel in

11  preparation of this case, provided, however, that such employees have access to material designated

12  CONFIDENTIAL only to the extent necessary to perform their duties;

13       iv.   employees of the parties actually assisting counsel of record or in-house

14  counsel in preparation of this case;

15       v.    non-party experts or consultants, including their secretarial and clerical

16  personnel, retained to assist counsel of record in this case provided that such persons shall be given a

17  copy of this Order, advised that they are bound by it, and sign the Undertaking attached hereto as

18  Exhibit A.

19       vi)   court reporters involved in transcribing depositions or other proceedings

20  in this litigation, and videographers involved in recording depositions, provided that they agree to be

21  subject to the terms of this Order and provided that they are provided information designated

22  CONFIDENTIAL only to the extent necessary to perform their duties;

23       vii)   outside vendors who specialize in the business of microfiching,

24  photocopying, computer classification, or similar clerical functions, but only for so long as necessary

25  to perform those services;

26       viii)  the Court;

27       ix)   Court personnel involved with this case; and

28       x)    members of the jury in this case.

1     B.     Subject to paragraph 6(C) below, and any further order of the Court, access to

2   material designated CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY and to any portion of any

3   transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to material so

4   designated, shall be limited to:

5           i.     outside counsel of record for the parties, including their partners and

6   associates who assist them in this matter;

7           ii.     in-house counsel for the parties to this action;

8           iii.     employees of such outside and in-house counsel (including technical

9   advisors, patent agents, secretaries, paralegals, and clerks) actually assisting such counsel in

10  preparation of this case, provided, however, that such employees have access to material designated

11  CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY only to the extent necessary to perform their

12  duties;

13          iv.     non-party experts or consultants, including their secretarial and clerical

14  personnel, retained to assist counsel of record in this case provided that such persons shall be given a

15  copy of this Order, advised that they are bound by it, and sign the Undertaking attached hereto as

16  Exhibit A.;

17          v.     court reporters involved in transcribing depositions or other proceedings

18  in this litigation, and videographers involved in recording depositions, provided that they agree to be

19  subject to the terms of this Order and provided that they are provided information designated

20  CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY only to the extent necessary to perform their

21  duties;

22          vi.     outside vendors who specialize in the business of microfiching,

23  photocopying, computer classification, or similar clerical functions, but only for so long as necessary

24  to perform those services;

25          vii.     the Court;

26          viii.     Court personnel involved with this case; and

27          ix.     members of the jury in this case.

28          C.     The designation of any document as CONFIDENTIAL or CONFIDENTIAL –

1  FOR ATTORNEY'S EYES ONLY shall not preclude any party from showing the material to any

2  person (a) who appears as the author or as an addressee on the face of the material and is not otherwise

3  shown prior to such disclosure not to have received the material, or (b) who has been identified by the

4  designating party as having been provided with the material.

5          Nothing contained in this Order shall affect the right of the producing party to disclose or use

6  for any purpose the documents or information produced and/or designated by it as CONFIDENTIAL

7  or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY.

8          7.      Notwithstanding the designations of CONFIDENTIAL or CONFIDENTIAL – FOR

9  ATTORNEY'S EYES ONLY, nothing in this Order shall be construed to prevent a party or nonparty

10  from seeking such further provisions regarding confidentiality as may be appropriate.

11         8.      If during the course of a deposition taken in this action any questions are to be asked or

12  any answers are to be given regarding confidential material, then only persons designated in the

13  appropriate sections of paragraph 6 above, the deponent (and the deponent's counsel in the case of a

14  separately represented nonparty), and the reporter and videographer shall be allowed to be present

15  during such portion of the deposition.  This paragraph shall not be deemed to authorize disclosure of

16  any confidential material to any person to whom disclosure is prohibited under this Protective Order.

17         9.      Any deponent or party attending a deposition may at the deposition designate the

18  deposition under one or more of the CONFIDENTIALITY MARKINGS, and request the reporter to

19  insert a statement regarding the confidentiality of the information into the deposition transcript, or may

20  have until twenty (20) days after receipt of the deposition transcript within which to inform the parties,

21  in writing, what specific portions of the transcript are designated under one or more of the

22  CONFIDENTIALITY MARKINGS.  No such deposition transcript shall be disclosed to any person

23  other than appropriate persons described in paragraph 6 above and the deponent (and the deponent's

24  counsel in the case of a separately represented nonparty) during these twenty (20) days, and no person

25  attending such a deposition shall disclose the contents of the deposition to any person other than those

26  as described in paragraph 6 during said twenty (20) days.  Upon being informed that certain portions

27  of a deposition are designated under one or more of the CONFIDENTIALITY MARKINGS, each

28  party shall cause each copy of the transcript in its possession, custody or control to be so marked, to

the extent not already marked by the reporter.  Upon expiration of the twenty (20) day period, any deposition transcript, or portions of a deposition transcript designated under one or more of the CONFIDENTIALITY MARKINGS under this paragraph, either at the time of the deposition or within the twenty (20) day period for designation, shall be subject to all other paragraphs in this Order affecting material so designated.

10.     Material designated under one or more of the CONFIDENTIALITY MARKINGS as provided herein shall not be used or disclosed by any recipient for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons designated in the appropriate section of paragraph 6 above, unless and until the restrictions herein are removed by Order of the Court or by written stipulation of the parties and disclosing nonparty, subject to the approval of the Court.

11.     Inadvertent disclosure of confidential materials without identifying the same as being subject to one or more of the CONFIDENTIALITY MARKINGS shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed.  When the designating party or nonparty learns of such error, it shall promptly provide all parties written notice of the correct designation, and all recipients shall henceforth abide by such designation in accordance with this Order.  The designation of non-confidential materials as being subject to one or more of the CONFIDENTIALITY MARKINGS shall not be admissible in any proceeding as evidence that the material in fact contained confidential information.

12.     Nothing in this Order shall be construed to prevent a party to this action from opposing the designation of materials as being subject to one or more of the CONFIDENTIALITY MARKINGS at any time.  A party opposing the designation of materials under one or more of the CONFIDENTIALITY MARKINGS shall serve a written objection, including a statement of the grounds for the objection, on the designating party or nonparty.  The designating party or nonparty will have ten (10) business days following the receipt of the objection to withdraw its CONFIDENTIAL designation, or to withdraw or modify its designation of CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY.  If the CONFIDENTIAL designation is not withdrawn, or if the CONFIDENTIAL –

1   ATTORNEY'S EYES ONLY designation is not withdrawn or modified as requested, the objecting

2   party may move the Court for an order removing the CONFIDENTIAL designation, and/or removing

The burden of establishing

3   or modifying the CONFIDENTIAL – ATTORNEY'S EYES ONLY designation. that protection is warranted

shall be on on the party seeking protection.

4        13.     Each recipient of material designated under one or more of the CONFIDENTIALITY

5   MARKINGS shall maintain such material in a secure, safe area and shall exercise the same standard

6   of care with respect to the storage, custody, use and dissemination of such material as is exercised by

7   the recipient with respect to its own confidential material.

8        14.     If information subject to a claim of attorney-client privilege or work-product immunity

9   is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver

10   of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party

11   has inadvertently produced information subject to a claim of immunity or privilege, upon request the

12   information for which a claim of inadvertent production is made shall be returned promptly and, if an

13   inadvertently produced document, all copies of that document that may have been made shall be

14   destroyed.  The party returning such information may move the Court for an Order compelling

15   production of such information, but the motion shall not assert as a ground for production the fact or

16   circumstances of the inadvertent production.

17        15.     A.     All deposition transcripts, exhibits, answers to interrogatories, and other

18   documents filed with a Court pursuant to pretrial discovery in this action that have previously been

19   designated as being subject to one or more of the CONFIDENTIALITY MARKINGS, or any

20   pleading, brief, or memorandum reproducing or paraphrasing such material, shall be lodged with the

21   Court for filing in accordance with Civil L.R. 79-5.

22              B.     The confidential portions of documents and things that are accepted for filing

23   under seal by the Court shall be treated in accordance with Civil L.R. 79-5.

24        16.     Within sixty (60) days after final determination of this action, all materials designated

25   under one or more of the CONFIDENTIALITY MARKINGS which have been provided by a

26   designating party or nonparty to a party during the course of this action, together with all

27   reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or

28   delivered to counsel for the designating party or nonparty.  Notwithstanding the above, each outside

1   trial counsel of the parties may retain one copy of material designated CONFIDENTIAL or

2   CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY, to maintain a complete file of the litigation.

3       17.     If material designated under one or more of the CONFIDENTIALITY MARKINGS is

4   disclosed to any person other than in the manner authorized by this Order, the party responsible for the

5   disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the

6   designating nonparty and all parties, and without prejudice to the rights and remedies of the

7   designating party or nonparty, make every effort to retrieve the improperly disclosed material and to

8   prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on

9   the part of the recipient of such information or material.

10      18.     In the event that any material or information designated under one or more of the

11  CONFIDENTIALITY MARKINGS is used in any court proceeding in connection with this litigation,

12  it shall not lose its confidential status through such use, and the parties shall take all steps reasonably

13  required to protect its confidentiality during such use.

14      19.     In the event that any non-party shall be called upon, by a subpoena or otherwise, to

15  produce documents or information considered confidential by such non-party, such non-party may

16  elect to have its documents and information protected under the terms of this Protective Order by so

17  notifying counsel for all parties in writing.  Upon service of such notice, such non-party may designate

18  documents and other information as confidential in the manner set forth in this Order.  Such non-

19  party's confidential information shall be treated in the same manner as confidential information of a

20  party to this action.  In the event a non-party that has elected to be governed by this Order is under

21  subpoena issued by this Court or another court, such court shall have jurisdiction to entertain and

22  decide any motion regarding such non-party brought pursuant to this Order or to otherwise enforce the

23  provisions of this Order regarding such non-party.

24      20.     All notices required by this Order are to be served via facsimile with confirmation by

25  regular mail to the appropriate attorney(s) at counsel of record for the parties.  The date by which a

26  party receiving a notice shall respond, or otherwise take action, shall be computed from the date

27  indicating that the facsimile was transmitted.

28  / / /

---

1        This Order shall remain in effect after the final determination of this action, unless otherwise

2    ordered by the Court.  The Court shall retain jurisdiction to enforce the terms of the order for 6 months

3    after final termination of the action.

                                                              Respectfully submitted,

4                                                     NIXON  PEABODY LLP

5

6    DATED:  October ___, 2006                    By:_____

7                                            Glenn E. Westreich
                                        Attorneys for Plaintiff Biscotti, Inc.

8

9    DATED:  October 11, 2006                DILLINGHAM & MURPHY LLP

10

11                                       By:_____

12                                           Edward E. Hartley
                                        Attorneys for Defendant Star Children's

13                                           Dress Co., Inc. d/b/a Rare Editions

14

15                                     **ORDER**

16       IT IS SO ORDERED.

17

18   Dated: _____11/17/06_____      _____

19                                           HON. HOWARD R. LLOYD
                                      United States Magistrate Judge

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
       **UNITED STATES DISTRICT COURT**
9
      **NORTHERN DISTRICT OF CALIFORNIA**
10
        **SAN JOSE DIVISION**
11
12  BISCOTTI, INC.,
            Case No. C 06-03575 JF  (HRL)
13       Plaintiff,
            **UNDERTAKING**
14   v.
15  STAR CHILDREN'S DRESS CO., INC.,
  d/b/a RARE EDITIONS,
16
      Defendant.
17
18  **UNDERTAKING PURSUANT TO STIPULATED PROTECTIVE ORDER REGARDING**
     **DISCLOSURE OF CONFIDENTIAL MATERIALS**
19
20     I, _____, having been retained as an _____ of _____ in
21  connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to
22  confidential information supplied by _____, as defined in the Protective Order dated
23  _____.
24     I certify my understanding that the confidential information is being provided to me pursuant
25  to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and
26  have read and understood by obligations under that Protective Order.  I hereby agree to be bound by
27  the terms of the Order.  I understand that the confidential information and my copies or notes relating
28  thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to

Stipulated Protective Order Amended By Court;
Case No. C06-03375 JF (HRL)
                  **Exhibit A**

1   receive such information.

2        I will return on request all materials containing confidential information, copies thereof and

3   notes that I have prepared relating thereto, to outside trial counsel for the party with whom I am

4   associated.

5        I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

6   Protective Order and waive any and all objections to jurisdiction and venue.

7        I declare under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct.

9

10  Dated: _____          By: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28